J-S07008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| PABLO ARMANDO VALENZUELA | |
| Appellant | No. 598 MDA 2016 |

Appeal from the Judgment of Sentence March 22, 2016
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001612-2015

BEFORE: BOWES, LAZARUS AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 10, 2017**

Pablo Valenzuela appeals from the judgment of sentence of thirty-eight to seventy-six months imprisonment imposed following his guilty plea to robbery of a motor vehicle, robbery with threat of serious bodily injury, and burglary. Appellant received a sentence of twelve to twenty-four months at robbery of a motor vehicle, twenty-two to forty-four months at robbery–threat of serious bodily injury, and two to four months at the burglary charge. Counsel has filed a petition to withdraw from representation pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant the petition and affirm.

The following facts were set forth at the guilty plea hearing. On February 1, 2015, Appellant and an unspecified number of other individuals followed Melissa Phillips after she closed an Applebee's restaurant in West Hazelton for the evening. While she was driving, a black Accura forced her to stop. Two persons excited the Accura, entered her car, and forced her to drive back to the restaurant with the Accura following. The group forced Ms. Phillips to reopen the restaurant, where she was able to activate a silent alarm. Police responded and the black Accura fled the scene; the police officers followed this car.[1] Appellant, who had remained in the restaurant with Ms. Phillips, was able to flee during the confusion. He kidnapped the victim, forced her into her vehicle, and left the scene. He was later apprehended.

Based on the foregoing, Appellant was charged with eight separate counts, five of which were withdrawn in exchange for Appellant's plea.[2] The trial court accepted the plea and ordered a pre-sentence report. On March 22, 2016, Appellant received the aforementioned sentence.

_____

[1] The transcript indicates that the vehicle was later stopped by a Pennsylvania State Police Trooper.

[2] We note that Appellant pleaded guilty at the same proceeding to charges at a separate docket. He received a sentence of six to twelve months, which was set consecutive to the instant sentence, resulting in an aggregate sentence of forty-two to eighty-four months. The **Anders** brief includes the sentence imposed at the other docket. Appellant's brief at 6. However, Appellant did not file an appeal at the other case.

Counseled post-sentence motions were not filed. Appellant, however, simultaneously filed a *pro se* post-sentence motion seeking reduction of his sentence and a *pro se* notice of appeal. These documents were accepted for filing instead of being forwarded to counsel. Thereafter, counsel filed a timely notice of appeal on Appellant's behalf. In lieu of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, counsel filed a statement of intent to file an **Anders** brief. Pa.R.A.P. 1925(c)(4).

Appellant's counsel thereafter filed a petition to withdraw with an accompanying **Anders** brief, which sets forth one issue as arguably supporting an appeal: Whether the trial court abused its discretion in imposing consecutive sentences at all charges.

We do not address the merits of this issue without first reviewing the petition seeking withdrawal. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). Counsel must satisfy the following three procedural requirements: 1) file a petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**. Counsel has filed a petition to withdraw which complies with these requirements, and Appellant was

provided a copy of the brief and informed of his rights. We thus find that counsel has complied with the procedural requirements of **Anders**.

We next examine whether the brief meets the substantive requirements of **Santiago**, **supra**, which states that the **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

The brief sets forth the procedural history and facts, with citations to the record. Counsel has also identified an issue tending to support the appeal, but nevertheless concludes that the appeal is frivolous with citations to and discussions of case law that led to counsel's conclusion that no relief is due. Hence, we find that counsel has complied with **Anders**/**Santiago**.[3]

---

[3] We note that the brief refers only to the issue Appellant wished to raise. Appellant's brief at 7. "The universe of potential claims is not limited to those claims and testimony that counsel's unschooled client believes the court should consider." **Commonwealth v. Santiago**, 978 A.2d 349, 360 (Pa. 2009). However, the remaining portions of the brief indicates that counsel, who represented Appellant during these proceedings, reviewed the transcripts of both proceedings and determined that there were no additional issues to be raised due to the fact Appellant tendered a guilty plea which limited the number of claims that could be raised on appeal. We are therefore satisfied that counsel discharged her responsibility to review the entire record.

We examine the sole issue identified, which attacks the discretionary aspects of Appellant's sentence. As the brief recognizes, there is no absolute right to appeal this kind of sentencing claim. We determine whether Appellant has invoked this Court's jurisdiction by examining the following four criteria:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief [complies with] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. McLaine*, 150 A.3d 70, 76 (Pa.Super. 2016) (citing *Commonwealth v. Samuel*, 102 A.3d 1001, 1006–07 (Pa.Super. 2014)).

Finding that the claim was not preserved, we conclude that this Court lacks jurisdiction to address the claim. The concise statement of matters complained of on appeal maintained that the *pro se* notice of appeal divested the trial court of jurisdiction to entertain any post-sentence motion, even if timely preserved. Nevertheless, the *Anders* brief identified the substantial question requirement as the impediment to Appellant's prospects for appellate relief.

We find that Appellant failed to preserve the discretionary sentencing claim for the following reasons. A *pro se* motion generally has no legal effect, due to hybrid representation principles. *See Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super. 2007) ("[H]is *pro se* post-sentence

- 5 -

motion was a nullity, having no legal effect."). Thus, Appellant's *pro se* motion was a legal nullity, and the sentencing claim was not presented to the trial court. "Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa.Super. 2006). Since the issue was not before the trial court, we lack jurisdiction to entertain this discretionary-aspects-of-sentencing claim.

We have conducted an independent review of the record, as required by **Commonwealth v. Flowers**, 113 A.3d 1246 (Pa.Super. 2015). We concur with counsel's assessment that this appeal is wholly frivolous, and that there are no preserved non-frivolous issues, as the entry of a guilty plea severely limits the grounds that may be raised on appeal. "[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." **Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014). Thus, we conclude that counsel may withdraw.

Petition of Mary V. Deady, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/2017